ADANTÉ D. POINTER, ESQ. (SBN 236229)
PATRICK M. BUELNA, ESQ. (SBN 317043)
**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

MICHAEL A. SLATER, ESQ. (SBN 318899)
**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**
633 West 5th St., Suite 2627
Los Angeles, CA 90071
Tel: 510-929-5400
Email: MSlater@LawyersFTP.com

Attorneys for Plaintiffs ESMERALDA BECERRA OCHOA
and EMMANUEL PEREZ BECERRA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMERALDA BECERRA OCHOA, individually and as co-successor-in-interest to THE ESTATE OF EMMANUEL PEREZ BECERRA; and FRANCISCO PEREZ MONDRAGON, individually and as co-successor-in-interest to THE ESTATE OF EMMANUEL PEREZ BECERRA;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SUNNYVALE, a California public entity; KEVIN LEMOS, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 5:25-cv-00712<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**(1)** Excessive Force - Fourth Amendment<br><br>**(2)** Interference with Familial Association - Fourteenth Amendment<br><br>**(3)** Battery<br><br>**(4)** Negligence<br><br>**(5)** Violation of the Tom Bane Civil Rights Act<br><br>**(6)** Wrongful Death<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

/ / /

/ / /

1

**COMPLAINT FOR DAMAGES**

Plaintiff Esmeralda Becerra Ochoa, individually and as co-successor-in-interest to The Estate of Emmanuel Perez Becerra; and Plaintiff Francisco Perez Mondragon, individually and as co-successor-in-interest to The Estate of Emmanuel Perez Becerra (collectively, "Plaintiffs"); for their Complaint for Damages against the Defendants City of Sunnyvale, Kevin Lemos and DOES 1 through 20, inclusive (collectively, "Defendants"); hereby allege as follows:

**INTRODUCTION**

1. This civil rights lawsuit is a tragic illustration of what law enforcement should *not* do when confronting a person experiencing a mental health crisis: confront, provoke and use lethal force as a first resort. In confronting, provoking and shooting Emmanuel dead near his home on March 23, 2024, the SDPS officers involved not only failed to follow their training; they failed to adhere to the requirements of the Fourth and Fourteenth Amendments to the U.S. Constitution – which, if followed, would have spared Emmanuel his life, and spared Emmanuel's parents the agony of losing their son at the age of 19.

**THE PARTIES**

2. Decedent Emmanuel Perez Becerra ("Decedent" or "Emmanuel") was only nineteen years old when he was shot and killed by the Sunnyvale Department of Public Safety on March 23, 2024. Emmanuel is the biological son of Esmeralda Becerra Ochoa (mother) and Francisco Perez Mondragon (father). Emmanuel died intestate.

3. At the times of the violations of law alleged herein, and continuing to the present time, Plaintiff Esmeralda Becerra Ochoa was a remains a competent adult, a citizen of the United States and a resident of the State of California. Ms. Ochoa is the biological mother of Decedent Emmanuel Perez Becerra. Ms. Ochoa brings this action both in her individual capacity and in her capacity as Emmanuel's co-successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure.

4. At the times of the violations of law alleged herein, and continuing to the present time, Plaintiff Francisco Perez Mondragon was and remains a competent adult. Mr. Mondragon is the

biological father of Decedent Emmanuel Perez Becerra. Mr. Mondragon brings this action both in his individual capacity and in his capacity as Emmanuel's co-successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure.

5. No proceeding is now pending in California for administration of Decedent Emmanuel Perez Becerra's estate.

6. Other than Decedent Emmanuel Perez Becerra's co-successors-in-interest – Plaintiffs Esmeralda Becerra Ochoa and Francisco Perez Mondragon – no other person has a superior right to commence this action or to be substituted for Emmanuel in this action.

7. Defendant City of Sunnyvale (the "City") is a municipal public entity located within this judicial district and duly authorized and existing as such in and under the laws of the State of California. The City manages and operates the Sunnyvale Department of Public Safety (the "SDPS") and the SDPS Officers and DOE Defendants identified herein. At the times of the violations of law alleged herein, the City was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the City, SDPS and its employees / agents complied with the laws of the United States and the State of California – including with respect to the SDPS Officers and DOE Defendants identified herein.

8. Defendant Kevin Lemos is an individual who, at the times of the violations of law alleged herein, was employed as a sworn law enforcement officer by the Sunnyvale Department of Public Safety. At the times of the violations of law alleged herein, Officer Lemos was acting under color of state law and within the course and scope of his employment with the SDPS. Officer Lemos is being sued in his individual capacity and in his capacity as a sworn SDPS law enforcement officer.

9. Plaintiffs are ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 20 (the "DOE Defendants") and, therefore, sue the DOE Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained. Plaintiffs believe and allege that each of the DOE Defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each of the DOE Defendants proximately caused Decedent's and Plaintiffs' injuries and damages because of their

conduct, negligence, breach of duty, management and/or violation of public policy. Each DOE Defendant is liable for their personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control or upon any other act or omission..

10. All Defendants who are natural persons, including DOE Defendants, are sued individually and in their capacities as officers, deputies, investigators, sergeants, captains, commanders, supervisors, and/ or civilian employees, agents, policy makers, and representatives of the City / SDPS.

11. In doing the acts alleged herein, Defendants, including DOE Defendants, and each of them, acted within the course and scope of their employment with the City / SDPS.

12. In doing the acts and/or omissions alleged herein, Defendants, including DOE Defendants, and each of them, acted under color of authority and/or under color of law.

13. Due to the acts and/or omissions alleged herein, Defendants, including the DOE Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

**JURISDICTION & VENUE**

14. This Court has original jurisdiction over Plaintiffs' federal law claims under 28 U.S.C. sections 1331 [federal question jurisdiction] and 1343(a)(3) [federal civil rights jurisdiction]. All claims for violations of the United States Constitution are brought pursuant to 42 U.S.C. section 1983. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. section 1367.

15. Venue is proper in this judicial district under 28 U.S.C. section 1391(b)(2), because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

16. Pursuant to the California Tort Claims Act, Plaintiffs presented a tort claim to the City within six months of the violations of law alleged herein, which the City rejected on July 22, 2024. As

4

such, Plaintiffs have exhausted their administrative remedies and timely filed the above-captioned action.

## FACTUAL ALLEGATIONS

17. On March 23, 2024, Decedent Emmanuel Perez Becerra experienced a significant mental health crisis. That afternoon, Emmanuel was walking around the streets of the Plaza Del Rey Mobile Home Park (1225 Vienna Drive, Sunnyvale, California 94089), where he lived, naked from the waist down and holding a knife. But it was not Emmanuel's neighbors or anyone else who called the Sunnyvale Department of Public Safety to report Emmanuel that afternoon. It was Emmanuel *himself* who called the SDPS in a cry for help.

18. At approximately 5:30 p.m. on March 23, 2024, two SDPS patrol vehicles responded to the Plaza Del Rey Mobile Home Park. In one of the SDPS patrol vehicles ("SDPS Vehicle 1") was Defendant SDPS Officer Kevin Lemos and another SDPS officer, DOE Defendant 1. In the other SDPS patrol vehicle ("SDPS Vehicle 2") were two additional SDPS officers, DOE Defendants 2 and 3.

19. SDPS Vehicle 1 was the first vehicle to observe and approach Emmanuel, who remained naked from the waist down and holding a kitchen knife when SDPS Vehicle 1 arrived at the Plaza Del Rey Mobile Home Park. Using SDPS Vehicle 1's Public Address System (PA System), either Defendant Lemos or DOE Defendants 1 instructed Emmanuel to "drop the knife" several times. In response, Emmanuel did not drop the knife. Instead, Emmanuel continued walking calmly down the street and away from the SDPS Officers.

20. Next, SDPS Vehicle 2 passed SDPS Vehicle 1 and closed the gap that existed between the SDPS Vehicles and Emmanuel. SDPS Vehicle 2 stopped in front of where Emmanuel was walking. When this occurred, Emmanuel had no violent or provocative response but simply continued walking calmly down the street, as he had been, and calmed passed by SDPS Vehicle 2 – and the officers inside the vehicle – apparently unthreatened – did not use any type of force or issue orders.

21. As SDPS Vehicle 2 was positioning itself in front of Emmanuel, SDPS Vehicle 1 remained idle. Defendant Lemos exited SDPS Vehicle 1, leaving his cover and voluntarily began

walking towards Emmanuel - closing the distance - with his 9mm handgun drawn. When Defendant Lemos pointed his gun at Emmanuel, Emmanuel continued walking calmly down the street and away from Defendants and the SDPS Vehicles.

22. Defendant Lemos continued to close the gap between himself and Emmanuel and SDPS Vehicle 2 on foot. As Defendant Lemos was reaching SDPS Vehicle 2, DOE Defendant 2 (who was driving SDPS Vehicle 2) momentarily exited SDPS Vehicle 2. In response, Defendant Lemos inexplicably declined any back up or assistance and told DOE Defendants 2: "No, no, no. Stay in your car." Immediately thereafter, DOE Defendant 2 re-entered SDPS Vehicle 2 without incident, and Defendant Lemos walked around and past the passenger-side of SDPS Vehicle 2 and in Emmanuel's direction, with his gun still drawn and pointed at Emmanuel.

23. At this point, Emmanuel was still approximately 50 feet away from SDPS Vehicle 2 and Defendant Lemos, and walking calmly down the street and away from them. Defendant Lemos called out to Emmanuel who stopped walking, turned around and began walking back towards Defendant Lemos. Defendant Lemos backed up so that the gap between them remained consistent at approximately 20 feet when – without warning – Defendant Lemos discharged his firearm pistol striking Emmanuel twice in his chest. (The "Subject Pistol Shots"; altogether collectively, the "Subject Incident."). At the time of the shots, Emmanuel was not charging, running or making any aggressive motions towards Defendant Lemos who was a safe distance from him. Emmanuel died less than an hour later as a result of the injuries he sustained from the Subject Pistol Shots.

24. At the time of the Subject Incident, Defendant Lemos and DOE Defendants 1, 2 and 3 were armed not only with pistols, but also with at least the following three forms of non-lethal weapons – batons, tasers and pepper sprays – none of which were used by Defendants during the Subject Incident despite having ample time, distance and opportunity.

25. The Subject Pistol Shots employed by Defendant Lemos were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Emmanuel's safety, health and wellbeing.

6

26. As a direct and proximate result of the Subject Pistol Shots, Emmanuel suffered damages, including arising from his pain and suffering and the physical injuries that resulted in his death.

27. As a direct and proximate result of the Subject Pistol Shots, Plaintiffs suffered their own wrongful death damages, in amounts to be determined at trial, measured by the financial benefits Plaintiffs were receiving at the time of Emmanuel's death, those reasonably to be expected in the future, and the monetary equivalent of the loss of Emmanuel's comfort, society, and protection.

## **DAMAGES**

28. As a direct and proximate result of each of the Defendant's unreasonable and excessive force, Decedent and Plaintiffs suffered injuries, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as United States Citizens.

29. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others.

   a. Wrongful death of Emmanuel Perez Becerra;
   b. Hospital and medical expenses;
   c. Coroner's fees, funeral and burial expenses;
   d. Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;
   e. Pain and Suffering, including emotional distress (by all Plaintiffs, based on individual §1983 claim for loss of familial association);
   f. Decedent's conscious pain and suffering, pursuant to federal civil rights law (Survival claims);
   g. Decedent's loss of life, pursuant to federal civil rights law; and
   h. Violation of constitutional rights;
   i. All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52, 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States

statutes, codes, and common law.

30. The conduct of Defendants and DOES 1 through 20 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Decedent, Plaintiffs, and the public. Plaintiffs are therefore entitled to an award of punitive damages against Defendant Lemos and DOES 1 through 20.

## FIRST CLAIM FOR RELIEF

**Excessive Force in Violation of the Fourth Amendment**

*42 U.S.C., § 1983 | Cal. Code Civ. Proc., § 377.30*

**Plaintiffs as Co-Successors-In-Interest Against Defendant Kevin Lemos**

31. Plaintiffs incorporate all the foregoing allegations of this Complaint as though fully set forth herein.

32. When Defendant Lemos shot and killed Decedent, he had him outnumbered, at a safe distance, cover and therefore was Decedent was not an immediate threat of serious bodily or death to Defendant Lemos. Moreover, Defendant did not issue a warning that he was going to use deadly force prior to discharging his weapon. As a result of this misconduct, Defendant is liable for Decedent's injuries and violated the Fourth Amendment rights of Decedent.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

**Interference with Familial Association in Violation of the Fourteenth Amendment**

*42 U.S.C., § 1983 | Cal. Code Civ. Proc., § 377.60*

**Plaintiffs Against Defendant Kevin Lemos**

33. Plaintiffs incorporate all the foregoing allegations of this Complaint as though fully set forth herein.

34. Plaintiffs have a Fourteenth Amendment due process right to companionship and society of their son, Emmanuel. Defendant Lemos's interference with these liberty interests shocks the conscious and, thus, gives rise to a Fourteenth Amendment due process claim that is cognizable under 42 U.S.C. § 1983.

35. As a direct and proximate result of Defendant Lemos's substantive due process violations, Plaintiffs suffered extreme emotional distress.

### THIRD CLAIM FOR RELIEF

#### Battery

*Cal. Gov. Code, §§ 820 & 815.2(a) | Cal. Code Civ. Proc., § 377.30*

**Plaintiffs as Co-Successors-In-Interest**

**Against Defendants Kevin Lemos (Directly) & City of Sunnyvale (Vicariously)**

36. Plaintiffs incorporate all the foregoing allegations of this Complaint as though fully set forth herein.

37. As set forth in more detail above, Defendant Lemos discharged his firearm pistol striking Emmanuel twice in his chest, resulting in Emmanuel's death less than one hour later.

38. The Subject Pistol Shots were employed against Emmanuel in a manner intended by Defendant Lemos to harm or offend Emmanuel.

39. A reasonable person in Emmanuel's position would have been offended by the Subject Pistol Shots Defendant Lemos employed against him.

40. Emmanuel did not consent to the Subject Pistol Shots employed against him.

41. The Subject Pistol Shots employed by Defendant Lemos were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Emmanuel's safety, health and wellbeing.

42. As a direct and proximate result of the Subject Pistol Shots, Emmanuel suffered damages, including arising from his pain and suffering and the physical injuries that resulted in his death.

43. The Subject Pistol Shots were done within the scope of Defendant Lemos's employment with the City. The City is vicariously liable for the state law torts committed by Defendant Lemos, including his battery against Emmanuel, pursuant to California Government Code section 815.2(a).

## FOURTH CLAIM FOR RELIEF

### Negligence

*Cal. Gov. Code, §§ 820 & 815.2(a) | Cal. Code Civ. Proc., § 377.30*

**Plaintiffs as Co-Successors-In-Interest**

**Against Defendants Kevin Lemos (Directly) & City of Sunnyvale (Vicariously)**

44. Plaintiffs incorporate all the foregoing allegations of this Complaint as though fully set forth herein.

45. At all times, Defendant Lemos and DOES owed Plaintiff a duty of reasonable and due care and specifically to: refrain from using excessive and/or unreasonable force; refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used; refrain from abusing their authority granted them by law; refrain from violating Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs and Decedent.

46. The negligent conduct described herein was done within the scope of Defendant Lemos's employment with the City. The City is vicariously liable for the state law torts committed by Defendant Lemos, including his negligent conduct during the Subject Incident, pursuant to California Government Code section 815.2(a).

## FIFTH CLAIM FOR RELIEF

### Violation of the Tom Bane Civil Rights Act

*Cal. Gov. Code, §§ 820 & 815.2(a) | Cal. Code Civ. Proc., § 377.30*

**Plaintiffs as Co-Successors-In-Interest**

**Against Defendants Kevin Lemos (Directly) & City of Sunnyvale (Vicariously)**

47. Plaintiffs incorporate all the foregoing allegations of this Complaint as though fully set forth herein.

48. As set forth in more detail above, Defendant Lemos used excessive force against Emmanuel in violation of the Fourth Amendment. Moreover, Defendant Lemos used his force in reckless disregard for Decedent's Fourth Amendment Rights and therefore demonstrated his specific intent to violate a constitutional right.

49.     As a direct and proximate result of Defendant Lemos's misconduct, Emmanuel suffered damages, including arising from his pain and suffering and the physical injuries that resulted in his death.

50.     The Bane Act violations described herein were done within the scope of Defendant Lemos's employment with the City. The City is vicariously liable for the state law torts committed by Defendant Lemos, including his Bane Act violations, pursuant to California Government Code section 815.2(a).

## SIXTH CLAIM FOR RELIEF

### Wrongful Death (Predicated on Negligence & Battery)

*Cal. Gov. Code, §§ 820 & 815.2(a) | Cal. Code Civ. Proc., § 377.60*

### Plaintiffs Against All Defendants

51.     Plaintiffs incorporate all the foregoing allegations of this Complaint as though fully set forth herein.

52.     Plaintiffs' wrongful death is predicated on Defendant Lemos's negligence and battery of Emmanuel, the theories of which are set forth in full above and incorporated by reference.

53.     As a direct and proximate result of Defendant Lemos's negligence and battery of Emmanuel, Plaintiffs suffered their own wrongful death damages, in amounts to be determined at trial, measured by the financial benefits Plaintiffs were receiving at the time of Emmanuel's death, those reasonably to be expected in the future, and the monetary equivalent of the loss of Emmanuel's comfort, society, and protection.

54.     The negligence and battery conduct by Defendant Lemos described herein were done within the scope of Defendant Lemos's employment with the City. The City is vicariously liable for the state law torts committed by Defendant Lemos, including his negligence and battery conduct, pursuant to California Government Code section 815.2(a).

## JURY TRIAL DEMAND

WHEREFORE, Plaintiffs hereby demand a trial by jury.

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief, against each and every Defendant, jointly and severally, as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages in a sum according to proof;

4. All other damages, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a); Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

5. For cost of suit herein incurred;

6. For prejudgment interest according to proof; and

7. For such other and further relief as the Court deems just and proper.

Dated: January 21, 2025  **POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

By: */s/ Adante D. Pointer*
ADANTE D. POINTER
PATRICK M. BUELNA
Counsel for Plaintiffs ESMERALDA BECERRA OCHOA and EMMANUEL PEREZ BECERRA

Dated: January 21, 2025  **POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

By: */s/ Michael A. Slater*
MICHAEL A. SLATER
Counsel for Plaintiffs ESMERALDA BECERRA OCHOA and EMMANUEL PEREZ BECERRA